IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-167-D

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| T.R. DRISCOLL, INC., ET AL., | ) ) ) | |
| Defendants. | ) | |

On August 8, 2011, Great American Insurance Company ("plaintiff" or "Great American") filed this action against T.R. Driscoll, Inc. ("T.R. Driscoll, Inc."), James T. Driscoll, Jr., Judy L. Driscoll, Robert L. Driscoll, Paula P. Driscoll, William S. Driscoll, and Sharon S. Driscoll ("individual defendants") (collectively, "defendants") [D.E. 1]. On October 5, 2011, individual defendants filed an answer [D.E. 21]. On October 6, 2011, T.R. Driscoll, Inc. filed an answer [D.E. 23]. On June 18, 2012, James T. Driscoll, Jr. and Judy L. Driscoll moved to stay the action against them in light of their bankruptcy filing [D.E. 36]. On June 21, 2012, plaintiff moved for summary judgment against T.R. Driscoll, Inc. [D.E. 39]. Defendants did not file responses to plaintiff's motion for summary judgment. As explained below, the court grants both motions.

I.

On January 20, 1988, plaintiff entered into an indemnity agreement with defendants (the "Agreement"). See Agreement [D.E. 40-1] 2. Pursuant to the Agreement, plaintiff promised to issue payment and performance bonds on behalf of T.R. Driscoll, Inc. in exchange for premium payments and defendants' promises to indemnify plaintiff against any claims made against the bonds. See id.

2–4. Specifically, the Agreement obligated defendants to

> exonerate, indemnify, and keep indemnified [plaintiff] from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which [plaintiff] may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of [defendants] to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

Id. 2.

Plaintiff issued three payment and performance bonds on T.R. Driscoll, Inc.'s behalf that are relevant to this action. On October 22, 2009, plaintiff issued a bond to Dellinger, Inc. for T.R. Driscoll, Inc.'s work on the Johnston County WTP Miex (the "WTP Miex Project"). See Beach Aff. [D.E. 40-2] ¶ 2(c); Resp. Pl.'s Req. Admis. [D.E. 40-3] 3–4. On January 20, 2010, plaintiff issued a bond to Robeson County for T.R. Driscoll, Inc.'s work on the Robeson County Department of Social Services Building (the "Robeson County Project"). See Beach Aff. ¶ 2(b); Resp. Pl.'s Req. Admis. 3–4. On March 18, 2010, plaintiff issued a bond to John S. Clark Company, LLC, for T.R. Driscoll, Inc.'s work on the O'Berry Neuro Medical Center (the "O'Berry Project"). See Beach Aff. ¶ 2(a); Resp. Pl.'s Req. Admis. 3–4.

T.R. Driscoll, Inc. failed to make payments to some subcontractors and suppliers, see Resp. Pl.'s Req. Admis. 5, and plaintiff received various payment bond claims related to the WTP Miex Project, the Robeson County Project, and the O'Berry Project. See Beach Aff. ¶¶ 4–6, 11–13, 18–20. T.R. Driscoll, Inc. also failed to fully perform on the O'Berry Project, see Resp. Pl.'s Req. Admis. 5, and plaintiff received a performance bond claim from John S. Clark Company, LLC. See Beach Aff. ¶¶ 25–27. Plaintiff informed T.R. Driscoll, Inc. of the payment and performance bond claims and ultimately concluded that the claims were valid. See id. ¶¶ 5–7, 12–14, 19–21, 25; cf. Resp.

2

Pl.'s Req. Admis. 5. Plaintiff paid $49,472.23 to settle the WTP Miex Project payment bond claims, $397,922.72 to settle the Robeson County Project payment bond claims, $303,628.94 to settle the O'Berry Project payment bond claims, and $216,540.72 to settle the O'Berry Project performance bond claim. See Beach Aff. ¶¶ 10, 17, 24, 27. In addition, plaintiff expended $33,896.18 in attorney's fees, $5,886.96 in investigation expenses, and $18,101.89 in consultant fees because of T.R. Driscoll, Inc.'s failure to defend, indemnify, and exonerate plaintiff of the bond claims. See id. ¶ 28. In total, plaintiff expended $1,025,449.64 because of T.R. Driscoll, Inc.'s failure to comply with the terms of the Agreement. Id. ¶ 30.

On August 8, 2011, plaintiff filed this suit against defendants asserting, *inter alia*, the claim of contractual indemnity. See Compl. On June 18, 2012, defendants James T. Driscoll, Jr., and Judy L. Driscoll moved to stay the action against them because of their pending bankruptcy proceedings. See Mot. Stay 1. On June 21, 2012, plaintiff moved for summary judgment against T.R. Driscoll, Inc. on the contractual indemnity claim. See Mot. Summ. J. 1. T.R. Driscoll, Inc. did not file a response to the motion.

II.

First, James T. Driscoll, Jr., and Judy L. Driscoll move the court to stay the action as to them. See Mot. Stay 1. In the motion, James T. Driscoll, Jr., and Judy L. Driscoll state that they initiated proceedings in the United States Bankruptcy Court for the Eastern District of North Carolina pursuant to Chapter 11 of the Title 11 of United States Code. Id.; see [D.E. 6], In re Driscoll, No. 12-04011-8-JRL (Bankr. E.D.N.C. May 30, 2012). Accordingly, the court stays the action against James T. Driscoll, Jr., and Judy L. Driscoll. See 11 U.S.C. § 362(a)(1).

Second, plaintiff seeks summary judgment on its contractual indemnity claim against T.R. Driscoll, Inc. See Mot. Summ. J. 1–2. Summary judgment is proper when "the movant shows that

3

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 325. After the moving party has met this burden, the nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A genuine dispute about a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Plaintiff contends that there is no genuine issue of material fact regarding the contractual indemnity claim against T.R. Driscoll, Inc. and that plaintiff is entitled to judgment as a matter of law on the basis of the Agreement. See Mem. Supp. Mot. Summ. J. [D.E. 40] 5–7. "Indemnity contracts are entered into to save one party harmless from some loss or obligation which it has incurred or may incur to a third party." Kirkpatrick & Assocs., Inc. v. Wickes Corp., 53 N.C. App. 306, 308, 280 S.E.2d 632, 634 (1981); see Dixie Container Corp. v. Dale, 273 N.C. 624, 627–28, 160 S.E.2d 708, 711 (1968). An indemnity contract "will be construed to cover all losses, damages, and liabilities which reasonably appear to have been within the contemplation of the parties[.]" Kirkpatrick & Assocs., 53 N.C. App. at 308, 280 S.E.2d at 634; see Dixie Container Corp., 273 N.C. at 627, 160 S.E.2d at 711. The Agreement expressly obligates T.R. Driscoll, Inc. to indemnify plaintiff against any expenses plaintiff might incur for having issued the payment and performance bonds. See Agreement 2; see also Kirkpatrick & Assocs., 53 N.C. App. at 308, 280 S.E.2d at 634. Plaintiff expended a total of $1,025,449.64 because of the bonds issued on behalf of T.R. Driscoll,

4

Inc. See Beach Aff. ¶ 30. Accordingly, plaintiff is entitled to judgment as a matter of law on the contractual indemnity claim against T.R. Driscoll, Inc.

III.

The court GRANTS the motion to stay the proceedings against James T. Driscoll, Jr., and Judy L. Driscoll [D.E. 36] and GRANTS plaintiff's motion for summary judgment [D.E. 39]. The court AWARDS plaintiff judgment in the amount of $1,025,449.64 against T.R. Driscoll, Inc. James T. Driscoll, Jr., and Judy L. Driscoll shall file an update with the court every sixty days concerning their bankruptcy case.

SO ORDERED. This 25 day of September 2012.

JAMES C. DEVER III
Chief United States District Judge